UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
        Plaintiff,             )
                               )
        v.                     )   CRIMINAL ACTION
                               )   NO. 07-10048-WGY
TIEM TRINH,                    )
ANNA TRINH,                    )
ANTWON TRINH,                  )
STEPHANIE HONG TRINH           )
                               )
        Defendants             )
_____)
```

JURY VERDICT
SECTION ONE


1.  On the charge of conspiracy to distribute and possess with intent to distribute marijuana, we unanimously find:
    TIEM TRINH          _____ not guilty    ✓ guilty
    ANNA TRINH          _____ not guilty    ✓ guilty
    ANTWON TRINH        ✓ not guilty        _____ guilty

2.  On the charge of conspiracy to commit money laundering, we unanimously find:

    TIEM TRINH          _____ not guilty    ✓ guilty
    ANNA TRINH          _____ not guilty    ✓ guilty
    STEPHANIE TRINH     _____ not guilty    _____ guilty
                         (6-5-1Hung &v)

3.  On the charge of money laundering with respect to check no. 986047992-3, we unanimously find:

    TIEM TRINH          _____ not guilty    ✓ guilty
    STEPHANIE TRINH     ✓ not guilty        _____ guilty


4.  On the charge of engaging in an unlawful monetary transaction with respect to check no. 986047992-3, we unanimously find:

TIEM TRINH _____ not guilty ✓ guilty
STEPHANIE TRINH ✓ not guilty _____ guilty

5. On the charge of money laundering with respect to check no. 807951542-8, we unanimously find:

TIEM TRINH _____ not guilty ✓ guilty
STEPHANIE TRINH ✓ not guilty _____ guilty

6. On the charge of engaging in an unlawful monetary transaction with respect to check no. 807951542-8, we unanimously find:

TIEM TRINH _____ not guilty ✓ guilty
STEPHANIE TRINH ✓ not guilty _____ guilty

7. On the charge of money laundering with respect to check no. 553460029-0, we unanimously find:

TIEM TRINH ✓ not guilty _____ guilty
STEPHANIE TRINH ✓ not guilty _____ guilty

8. On the charge engaging in an unlawful monetary transaction with respect to a wire transfer of $198,734.18 on or about May 4, 2004, we unanimously find:

TIEM TRINH _____ not guilty ✓ guilty

9. On the charge engaging in an unlawful monetary transaction with respect to a $225,000 home equity loan secured by a mortgage on 57 and 59 Bloomfield St., we unanimously find:

ANNA TRINH ✓ not guilty _____ guilty
STEPHANIE TRINH ✓ not guilty _____ guilty

10. On the charge of money laundering with respect to a wire transfer in the amount of $285,000 on about or between August 4 and August 5, 2004, we unanimously find:

TIEM TRINH _____ not guilty ✓ guilty

11. On the charge engaging in an unlawful monetary transaction with respect to a wire transfer in the amount of $285,000 on or about or between August 4 and August 5, 2004, we unanimously find:

      TIEM TRINH        \_\_\_\_ not guilty     ✓ guilty

12. On the charge of money laundering with respect to a wire transfer in the amount of $130,000 on about or between August 4 and August 5, 2004, we unanimously find:

      TIEM TRINH        \_\_\_\_ not guilty     ✓ guilty

13. On the charge engaging in an unlawful monetary transaction with respect to a wire transfer in the amount of $130,000 on or about or between August 4 and August 5, 2004, we unanimously find:

      TIEM TRINH        \_\_\_\_ not guilty     ✓ guilty

14. On the charge of perjury, we unanimously find:

      TIEM TRINH        \_\_\_\_ not guilty     ✓ guilty

_[signature]_
Foreman

DATE: 12/23/09

3

SECTION TWO

1. We unanimously find that the entire marijuana conspiracy involved __C__ kilograms of marijuana.     __710__ plants

2. We unanimously find that the following amounts are appropriately attributable to the following people:

```
TIEM TRINH       _____ weight      _1p_ plants
ANNA TRINH       _____ weight      _6_  plants
ANTWON TRINH     _____ weight      ____ plants
```

**QUANTITY OF MARIJUANA - KEY**

Note: 1 kilogram = 2.2 pounds

In answer to Section Two, Question 1, you may use this key:

    a. Less than 50 kilograms.

    b. At least 100 kilograms but less than 1,000 kilograms

    c. 1,000 kilograms or more

In answer to Section Two, Question 2, you may use this key:

    d. Less than 250 grams

    e. At least 250 grams but less than 1 kilogram

    f. At least 1 kilogram but less than 2.5 kilograms

    g. At least 2.5 kilograms but less than 5 kilograms

    h. At least 5 kilograms but less than 10 kilograms

    I. At least 10 kilograms but less than 20 kilograms

    j. At least 20 kilograms but less than 40 kilograms

    k. At least 40 kilograms but less than 60 kilograms

    l. At least 60 kilograms but less than 80 kilograms

    m. At least 80 kilograms but less than 100 kilograms

    n. At least 100 kilograms but less than 400 kilograms

   o.  At least 400 kilograms but less than 700 kilograms

   p.  At least 700 kilograms but less than 1,000 kilograms

   q.  At least 1,000 kilograms but less than 3,000 kilograms

   r.  At least 3,000 kilograms but less than 10,000 kilograms


_____
Foreman


DATE: 12/23/09

## SECTION THREE

1. We unanimously find that the entire money laundering conspiracy involved $ _1,500,000.00_

2. We unanimously find that the following amounts are appropriately attributable to the following people:

    TIEM TRINH        $ _200,000.00_
    ANNA TRINH        $ _75,000.00_
    STEPHANIE TRINH   $ _____

3. Was TIEM TRINH an organizer or leader of a money laundering conspiracy that involved five or more participants or was otherwise extensive?

    _✓_ no        ____ yes

4. Was TIEM TRINH a manager or supervisor (but not an organizer or leader) of criminal activity involving five or more participants or was otherwise extensive?

    _✓_ no        ____ yes

5. Did any of the following individuals actually know that the transactions involved the proceeds of drug sales?

    TIEM TRINH        ____ no    _✓_ yes

    ANNA TRINH        ____ no    _✓_ yes

    STEPHANIE TRINH   ____ no    ____ yes

_[signature]_
Foreman

DATE: _12/23/09_

SECTION FOUR

1. We unanimously find by a preponderance of the evidence that the following items were (1) property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; or (2) property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense.  Insert an amount in (a) and check any of the remaining items that apply:

   a.  Gross drug proceeds in the amount of $ _1,500,000_ .00

   b.  _____ The real property known as 57 and 59 Bloomfield Street, Dorchester, Suffolk County, Massachusetts.

   c.  _✓_ The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York.

   d.  _✓_ The platinum and diamond necklace that was made an exhibit during the trial.

   e.  _____ $7,343.00 in cash seized from 59 Bloomfield Street, Dorchester, on February 2, 2007.

   f.  _____ $1,500.00 in cash seized from 59 Bloomfield Street, Dorchester, on February 2, 2007.

   g.  _✓_ A 2002 Mercedes Benz S500 seized from 59 Bloomfield Street, Dorchester, on February 2, 2007.

   h.  _✓_ A 2000 Mercedes Benz SL500 seized fro 262 Bryant Street, Buffalo, New York, on February 2, 2007.

   I.  _✓_ A 1999 Mercedes Benz ML430 seized from 59 Bloomfield Street, Dorchester, on February 2, 2007.

   j.  _____ A 2002 Cadillac Deville seized from 59 Bloomfield Street, Dorchester, on February 2, 2007.

2. We unanimously find by a preponderance of the evidence that the following items were property, real or personal, that was involved in a money laundering conspiracy, money laundering with intent to conceal or intent to promote, or Section 1957 (unlawful monetary transactions).  Fill in the amount of (a) and check any other items that apply:

   a.  Total amount of funds laundered $ _1,500,000_ .00

7

  b. \_\_\_\_\_ The real property known as 57 and 59 Bloomfield Street, Dorchester, Suffolk County, Massachusetts.

  c. \_✓\_ The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York.


_____
Foreman

DATE: 12/23/09