UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                         ) | CRIMINAL NO. 07-CR-10048-WGY |
| ) | |
| 9.  TIEM TRINH, and                           ) | |
| 10. ANNA TRINH                                 ) | |
| ) | |
| Defendants.                     ) | |

### PRELIMINARY ORDER OF FORFEITURE -- SPECIFIC PROPERTY

YOUNG, D.J.,

WHEREAS, on May 8, 2008, a federal grand jury sitting in this District returned a Third Superseding Indictment (the "Indictment") charging Tiem Trinh and Anna Trinh (collectively, "Defendants") as follows: Count One (21 U.S.C. § 846 - Conspiracy To Distribute and Possess with Intent to Distribute Marijuana); and Count Eleven (18 U.S.C. § 1956(h) - Money Laundering Conspiracy), and also charging Tiem Trinh with, among other offenses, Counts Twelve and Thirteen (18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering); Counts Nineteen and Twenty (18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering); and Counts Fifteen, Sixteen, Seventeen, Twenty-One, and Twenty-Two (18 U.S.C. § 1957 - Unlawful Monetary Transactions);

WHEREAS, the Indictment contained a Drug Forfeiture Allegation, charging, in pertinent part, that upon conviction of the offense charged in Count One, the defendants, including Defendants:

> jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense. The property to be forfeited includes, without limitation, the following:
> a.       A money judgment equal to the total amount of gross drug proceeds, estimated to be approximately $46,800,000.00.
> ....

  c. The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York, consisting of two adjacent parcels with all buildings and improvements thereon, title to which appears in Liber 11088 of Deeds, page 7829, of the Erie County, New York, County Clerk;

WHEREAS, the Drug Forfeiture Allegation charged that if any of the property described as forfeitable, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred to, sold to, or deposited with a third party;
  c. has been placed beyond the jurisdiction of this Court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), intended to seek forfeiture of all other property of the defendants up to the value of the forfeitable property;

WHEREAS, the Indictment also contained a Money Laundering Forfeiture Allegation charging, in pertinent part, that upon conviction of, among others, the offenses charged in Counts Eleven, Twelve, Thirteen, Fifteen, Sixteen, Seventeen, Nineteen, Twenty, Twenty-One and Twenty-Two, the defendants, including Defendants:

  jointly and severally . . . shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal involved in such offenses, and all property traceable to such property. The property to be forfeited includes, without limitation, the following:
  a. A money judgment in the total amount involved in the laundering transactions.
  . . . . .
  e. The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York, consisting of two adjacent parcels with all buildings and improvements thereon, title to which appears in Liber 11088 of Deeds, page 7829, of the Erie County, New York, County Clerk;

WHEREAS, the Money Laundering Forfeiture Allegation also provided that if any of the forfeitable property, as a result of any act or omission of the defendants --

      a.      cannot be located upon the exercise of due diligence;
      b.      has been transferred to, sold to, or deposited with a third party;
      c.      has been placed beyond the jurisdiction of this Court;
      d.      has been substantially diminished in value; or
      e.      has been commingled with other property which cannot be divided without difficulty,

the United States, pursuant to Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), intended to seek forfeiture of all other property of the defendants up to the value of the forfeitable property;

WHEREAS, during the pendency of the case, the government filed forfeiture bills of particulars, giving notice that additional property would be subject to forfeiture upon defendants' convictions, including the following:

      a.      Black 2002 Mercedes S500, Vehicle Identification Number WDBNG75J62A292213, unregistered but titled in the name of Defendant Anna Trinh;

      b.      Black 2000 Mercedes SL500, Vehicle Identification Number WDBFA68F1YF195469, Massachusetts License Number 4846XY, registered in the name of Defendant Tiem Trinh;

      c.      Gray 1999 Mercedes ML430, Vehicle Identification Number 4JGAB72EXXA081704, Massachusetts License Number 81VJ61, registered in the name of Defendant Tiem Trinh; and

      d.      Custom-made platinum and diamond necklace, seized from 59 Bloomfield Street, Dorchester, Massachusetts, on February 2, 2007;

WHEREAS, on December 23, 2009, after trial, a jury convicted Defendants of Counts One and Eleven, and also convicted Defendant Tiem Trinh of, among other offenses, Counts Twelve, Thirteen, Fifteen, Sixteen, Seventeen, Nineteen, Twenty, Twenty-One and Twenty-Two;

WHEREAS, the trial jury found unanimously that the following assets constituted or were derived from marijuana proceeds, and/or had been used or intended to be used to facilitate the marijuana conspiracy, thus establishing the factual basis to forfeit them pursuant to 21 U.S.C. §

853(a):

    a.    Gross drug proceeds in the amount of $1,500,000.00;

    b.    The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York;

    c.    The platinum and diamond necklace;

    d.    The 2002 Mercedes Benz S500;

    e.    The 2000 Mercedes Benz SL500; and

    f.    The 1999 Mercedes Benz ML430;

WHEREAS, the jury also found unanimously that the following assets were involved in money laundering, thus establishing the factual basis to forfeit them pursuant to 18 U.S.C. § 982(a)(1):

    a.    Total amount of funds laundered $1,500,000.00; and

    b.    The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York;

WHEREAS, the Court accepted the jury's verdict, and has scheduled Defendants for sentencing;

WHEREAS, the United States has moved for forfeiture of the assets determined by the jury to be forfeitable;

WHEREAS, the United States has also moved for forfeiture of certain other property of the Defendants as "substitute assets" pursuant to 21 U.S.C. § 853(p), that is:

    a.    The real property located at 59 Bloomfield Street, Dorchester (a section of Boston), Suffolk County, Massachusetts, consisting of two parcels with all buildings and improvements thereon and all rights appertaining thereto, including, but not limited to, a two-family home bearing the addresses "57" and "59" Bloomfield Street, title to which

appears at Book 34895, pages 122-123, of the Suffolk County, Massachusetts, Registry of Deeds;

b.   White 2003 Dodge Ram Van, Vehicle Identification Number 2D6WB11Y83K527702, Massachusetts License Number 55XX35, registered in the name of Defendant Tiem Trinh;

c.   Gents stainless steel Rolex wristwatch, oyster perpetual date-just, fluted bezel, jubilee bracelet, model 16234, s/n Y410910, seized from 59 Bloomfield Street, Dorchester, Massachusetts, on February 2, 2007One men's Rolex watch, seized from 59 Bloomfield Street, Dorchester, on February 2, 2007;

d.   $9,371.60 in U.S. funds, now or formerly held in Bank of America Account No. 0000-2379-3974, in the names of Tiem Trinh and Anna Trinh;

e.   $3,563.13 in U.S. funds, now or formerly held in Citizens Bank Account No. 1166-952979, in the name of Kim Anna Trinh;

f.   $1,500.00 in U.S. currency seized from 59 Bloomfield Street, Dorchester, Massachusetts;

g.   $7,343.00 in U.S. currency seized from 59 Bloomfield Street, Dorchester, Massachusetts;

WHEREAS, the government in this case qualifies for an order forfeiting substitute assets because, due to acts and omissions of the Defendants and their co-defendants including their having spent and/or transferred the original drug proceeds to purchase, among other things, new supplies of marijuana, expensive jewelry, luxury homes in Florida, and numerous vehicles; the government, despite diligent efforts, has been unable to locate most of the gross proceeds of the marijuana trafficking conspiracy; and Defendants Tiem Trinh and Anna Trinh, by requesting and obtaining appointed counsel to represent them in this case based on their asserted inability to pay their attorneys, have provided an additional clear indication to the Court that they currently do not have $1,500,000.00 in drug proceeds or laundered funds;

WHEREAS, the United States is now entitled to the requested forfeiture and has moved for

entry of an order to that effect;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.  The Court finds, pursuant to Rule 32.2(b) and (e) of the Federal Rules of Criminal Procedure, based upon the jury's verdict, that the government has established the required connections between the assets sought to be forfeited directly and the offenses to which the Defendants have been convicted, and based upon the evidence at trial and the information set forth above, that the government has also satisfied 21 U.S.C. § 853(p) and therefore established its entitlement to forfeiture of substitute assets. Accordingly, the following property (collectively, the "Forfeited Property") is hereby forfeited to the United States of America pursuant to 21 U.S.C. §§ 853(a) and (p), and 18 U.S.C. § 982(a)(1):

   A. The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York, consisting of two adjacent parcels with all buildings and improvements thereon, title to which appears in Liber 11088 of Deeds, page 7829, of the Erie County, New York, County Clerk;

   B. Black 2002 Mercedes S500, Vehicle Identification Number WDBNG75J62A292213, unregistered but titled in the name of Defendant Anna Trinh;

   C. Black 2000 Mercedes SL500, Vehicle Identification Number WDBFA68F1YF195469, Massachusetts License Number 4846XY, registered in the name of Defendant Tiem Trinh;

   D. Gray 1999 Mercedes ML430, Vehicle Identification Number 4JGAB72EXXA081704, Massachusetts License Number 81VJ61, registered in the name of Defendant Tiem Trinh;

   E. Custom-made platinum and diamond necklace, seized from 59 Bloomfield Street, Dorchester, Massachusetts, on February 2, 2007;

   F. The real property located at 59 Bloomfield Street, Dorchester (a section of Boston), Suffolk County, Massachusetts, consisting of two parcels with all buildings and improvements thereon and all rights appertaining thereto, including, but not limited to, a two-family home bearing the addresses "57" and "59" Bloomfield Street, title to which appears at Book 34895, pages 122-123, of the Suffolk County, Massachusetts, Registry of

Deeds;

    G.    White 2003 Dodge Ram Van, Vehicle Identification Number 2D6WB11Y83K527702, Massachusetts License Number 55XX35, registered in the name of Defendant Tiem Trinh;

    H.    Gents stainless steel Rolex wristwatch, oyster perpetual date-just, fluted bezel, jubilee bracelet, model 16234, s/n Y410910, seized from 59 Bloomfield Street, Dorchester, Massachusetts, on February 2, 2007One men's Rolex watch, seized from 59 Bloomfield Street, Dorchester, on February 2, 2007;

    I.    $9,371.60 in U.S. funds, now or formerly held in Bank of America Account No. 0000-2379-3974, in the names of Tiem Trinh and Anna Trinh;

    J.    $3,563.13 in U.S. funds, now or formerly held in Citizens Bank Account No. 1166-952979, in the name of Kim Anna Trinh;

    K.    $1,500.00 in U.S. currency seized from 59 Bloomfield Street, Dorchester, Massachusetts; and

    L.    $7,343.00 in U.S. currency seized from 59 Bloomfield Street, Dorchester, Massachusetts.

    2.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service ("USMS") is hereby authorized to seize the Forfeited Property and maintain it in its secure custody and control. The Court hereby grants USMS full inspection and access rights to the forfeited real properties, and authorizes USMS to enter into occupancy agreements with any individual or commercial occupants of those properties, to collect and retain rents from any such occupants, to dispose of such rents pursuant to applicable law, and physically to remove any such occupants as USMS, in its discretion, deems necessary in order to maintain and dispose of the real properties.

    3.    Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6), incorporating Supplemental Rule G(4) of the Federal Rules of Civil Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government website www.forfeiture.gov, notice of this Order,

notice of the United States' intent to dispose of the Forfeited Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Forfeited Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4.  Pursuant to 21 U.S.C. § 853(n) and Rule 32.2(b)(6), the United States shall give, to the extent practicable, direct written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the Forfeited Property.

5.  Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendants, asserting a legal interest in the Forfeited Property, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Forfeited Property; (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Forfeited Property, any additional facts supporting the petitioner's claim, and the relief sought; and (c) that the petitioner shall serve a copy of the petition upon counsel for the United States.

6.  Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Forfeited Property.

7.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this

preliminary Order of Forfeiture will become final as to the Defendants at the time of their sentencing, will be part of the Defendants' criminal sentences, and will be included in the criminal judgments entered by this Court against them.

Date: *Feb 22, 2010*

/s/ William G. Young
WILLIAM G. YOUNG
United States District Judge